# UNITED STATES DISTRICT COURT
for the

_Western_ District of _North Carolina_

_CLT_ Division

| | |
|---|---|
| **SHAKA DYETTE, Pro se** | Case No. **3:26-CV-69-FDW** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| **City of Charlotte-Meck. Cnty** | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

FILED
CHARLOTTE, NC
JAN 27 2026
US DISTRICT COURT
WESTERN DISTRICT OF NC

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | SHAKA DYETTE |
| All other names by which you have been known: | |
| ID Number | 493488 |
| Current Institution | MCJC |
| Address | P.O. BOX 31367 |
| | Charlotte, NC 28231 |
| | *City    State    Zip Code* |

    B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
| | |
|---|---|
| Name | Carla N. Archie Mecklenburg County |
| Job or Title *(if known)* | Court Judicial District 26 |
| Shield Number | N/A |
| Employer | Senior Resident Superior Court Judge |
| Address | 832 E. Fourth St. Suite 9600 |
| | Charlotte, NC 28202 |
| | *City    State    Zip Code* |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2
| | |
|---|---|
| Name | Jeff Jackson |
| Job or Title *(if known)* | Attorney General |
| Shield Number | N/A |
| Employer | City of Charlotte-Mecklenburg Cnty |
| Address | 9001 Mail Service Center |
| | Raliegh, NC 27699-9001 |
| | *City    State    Zip Code* |

☐ Individual capacity    ☑ Official capacity

Defendant No. 3
- Name: Jeff Jackson
- Job or Title (if known): Supervisor Assistant District Attorney
- Shield Number: N/A
- Employer: Mecklenburg Cnty District Atty's Office
- Address: 700 East Trade St. #200
  Charlotte    NC    28202
  *City        State    Zip Code*

☐ Individual capacity   ☑ Official capacity

Defendant No. 4
- Name: Diana G. Roberts
- Job or Title (if known): Detective
- Shield Number: 004158
- Employer: CMPD
- Address: 601 East Trade St.
  Charlotte    NC    28202
  *City        State    Zip Code*

☐ Individual capacity   ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

NCGS section 15A-612(a),(3)
NCGS section 15A-534.1(b), FOURTH, FIFTH, EIGHTH, & FOURTEENTH

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

CLT-Meck. Cnty acted under color of state law by arresting me without an arrest warrant, maliciously prosecuting & falsely imprisoning me.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Mecklenburg County Courthouse, August 29, 2024.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

C. What date and approximate time did the events giving rise to your claim(s) occur?

August 29, 2024; 9am.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see the following attachments

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injuries at hand are not physical, but rather mental & financial where medical treatment was not needed. Unlawful Pretrial confinement halted my source of income (Job).

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

For the foregoing reasons, I am respectfully requesting for the Court to grant the following relief: See the following attachments

1. I was arrested on 08-28-2024 without an arrest warrant and unlawfully detained by CMPD, Det. Diana G. Roberts, violating my Fourth amendment right against an unreasonable seizure.

2. Senior Resident judge, Carla N. Archie, failed to supervise the judge of Mecklenburg County Courthouse on 08-29-2024, who imposed an excessive secure bond of $75,000.00, violating my eighth amendment right to a reasonable bail.

3. Carla N. Archie also failed to supervise where no hearing was ever held by a judge at Mecklenburg County Courthouse for pretrial release, violating my fifth and Fourteenth amendment right to Procedural Due process of law.

4. Attorney General, Jeff Jackson, failed to supervise the supervisor Assistant District Attorney who maliciously prosecuted and indicted me on 09-16-2024 without holding any hearing for Probable cause, violating my Fourth and Fourteenth amendment right to a Probable cause hearing and Due Process as well.

## VI. Relief

1. To be compesated $257,500.00 for every day unlawfully confined since 08-28-2024 until my immediate release.

2. Dismissal of the pending criminal matter (case No. 24CR396343-590) that's the basis for my unlawful pretrial confinement as well as immediate release upon an injunction.

3. Punitive damages of a $250.00 fine to be imposed on the Supervisor Asst. District Atty. and denial of his or/her right to practice before the Court for ninety days for the violation of my Fourth, Fifth, Eighth, and Fourteenth amendment rights causing me subjection to suffering.

4. Money damages of $34,000.00 for the loss of my source of income (job), assets, possessions such as clothing, tools, etc; housing and furniture.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/Acnburg County Jail

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☑ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   Grievance process does not hold any remedy for this matter.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   Pro se motion to dismiss: Failure to hold pretrial release hearing, filed Feb. 28, 2025; an Amended one filed Mar. 13, 2025.

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) N/A
   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?
   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition.  N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Shaka Dyette
   Defendant(s) William Shugrue

2. Court *(if federal court, name the district; if state court, name the county and State)*

   First circuit, Commonwealth of Massachusetts

3. Docket or index number
   16-10202-NMG

4. Name of Judge assigned to your case
   Nathaniel M. Gorton

5. Approximate date of filing lawsuit
   Mar. 23, 2016

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   Mar. 23, 2016

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   yes, judgement was entered in my favor, settled.

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01-18-2026

Signature of Plaintiff: Shaka Dyette
Printed Name of Plaintiff: Shaka Dyette Pro se
Prison Identification #: 493988
Prison Address: MCJC P.O. Box 31367
Charlotte, NC 28231

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

_City_  _State_  _Zip Code_

Telephone Number
E-mail Address